Filed 1/14/25  Chase O. v. Superior Court CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| CHASE O.,<br><br>Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF TULARE COUNTY,<br><br>Respondent;<br><br>TULARE COUNTY HEALTH AND HUMAN SERVICES AGENCY,<br><br>Real Party in Interest. | F088946<br><br>(Super. Ct. Nos. JJV073068C, JJV073068D)<br><br>**OPINION** |

### THE COURT[*]

ORIGINAL PROCEEDINGS; petition for extraordinary writ.  Hugo J. Loza, Judge.

Chase O. in, propria persona, for Petitioner.

No appearance for Respondent.

No appearance for Real Party in Interest.

-ooOoo-

---

[*]     Before Levy, Acting P. J., Franson, J. and DeSantos, J.

Chase O. (father), in propria persona, seeks an extraordinary writ (Cal. Rules of Court, rule 8.452)[1] from the juvenile court's order setting a Welfare and Institutions Code[2] section 366.26 hearing for February 26, 2025, as to his children, H.O. and S.O. (collectively, the children). We conclude father's petition fails to comport with the procedural requirements of rule 8.452 regarding extraordinary writ petitions and dismiss the petition.

## PROCEDURAL AND FACTUAL SUMMARY

In August 2020, the Tulare County Health and Human Services Agency (agency) filed an original petition alleging the children and two of their half siblings were at risk due to their mother and father's substance abuse. The children were placed with their maternal great-grandmother, and their half siblings were released to the custody of their father, J.V. The allegations of the petition were sustained on September 15, 2020. The agency recommended that mother and father be provided family reunification services for the children while J.V. was provided family maintenance services for the half siblings. At the disposition hearing held on November 13, 2020, the children were made dependents of the juvenile court. A six-month review hearing was set for April 30, 2021.

The report for the six-month review hearing recommended that father and mother's family reunification services be continued. Father was visiting with the children regularly, but his compliance with the case plan was described as minimal. His random drug testing results revealed several positive tests for either cocaine or amphetamines, and he did not attend a substance abuse assessment in April 2021. At the six-month review hearing, the juvenile court continued father and mother's family reunification services.

---

[1]     All further rule references are to the California Rules of Court.

[2]     All further statutory references are to the Welfare and Institutions Code.

During the 12-month reunification period, father had still not provided verification of his enrollment in substance abuse services, and he had one positive drug test for cocaine and multiple no shows. Father regularly attended his supervised visits with the children, but he was not able to progress to unsupervised visits due to his minimal compliance with the case plan. The agency recommended that the dependency for the children's half siblings be dismissed with sole custody to the half sibling's father. At the 12-month status review hearing conducted on November 23, 2021, the juvenile court ordered additional family reunification services for mother and father.

The agency's report for the 18-month review hearing recommended that mother and father's family reunification services be terminated and a section 366.26 hearing be set for the children. The children remained placed with their maternal great-grandmother, and a plan of legal guardianship was anticipated for the children. The maternal great-grandmother was meeting the children's needs, and there were no significant behavioral concerns for the children. Father enrolled in a substance abuse program in August 2021, and he was attending individual and group sessions for his substance abuse treatment. However, he did not inform his drug counselor that he was testing positive for cocaine.

The juvenile court terminated mother and father's family reunification services at a contested 18-month review hearing held on March 4, 2022. The extent of progress made by father toward alleviating the causes necessitating the children's placement was found to be minimal. A section 366.26 hearing was set for June 28, 2022.

The agency's report for the selection and implementation hearing recommended that the children's permanent plan be legal guardianship with their maternal great-grandparents. Three-year-old H.O. underwent cleft palate surgery in February 2022. Her development appeared to be on schedule, but she was receiving speech therapy services due to her cleft palate. One-year-old S.O. had no noted medical

3.

or developmental concerns. Both children had been stable in their home since their removal in August 2020.

The great-grandparents were seeking a plan of legal guardianship. An adoption consultation indicated that the children were adoptable, and there were other families who would be willing to care for the children. The great-grandparents were not able or willing to adopt the children at the time of the consultation, but it was determined that moving the children from their current placement would be detrimental.

At the section 366.26 hearing held on June 28, 2022, the juvenile court ordered a plan of legal guardianship for the children, and the great-grandparents were appointed guardians of the children's person. Visitation between the children and their parents was ordered to be supervised at twice per week. The dependency proceedings were terminated, and letters of guardianship were issued on July 14, 2022.

On September 13, 2024, the agency filed a section 388 petition requesting that dependency proceedings be reinstated and a section 366.26 hearing be set. The petition alleged that the great-grandparents wanted to adopt the children. It was further alleged that elevating the permanent plan to adoption would ensure the greatest permanency for the children. The great-grandparents were an approved resource family, and they had a plan to co-adopt with their adult son to ensure the children had an available caretaker if anything were to happen to the great-grandparents.

The great-grandparents explained that they did not wish to adopt the children initially because they wanted to give the parents an opportunity to change. However, they did not believe the parents had shown any progress since the guardianship was established. Mother had no contact with the children, and father called to ask about the children every few months. A hearing on the section 388 petition was set for October 16, 2024. Father was present for the hearing, and he was appointed counsel. Dependency jurisdiction was reinstated, and a contested hearing was set for November 6, 2024.

At the contested hearing on the section 388 petition, father was present and represented by counsel. The children's counsel was in agreement with the setting of a section 366.26 hearing for the children. Father's counsel entered an objection on father's behalf. His counsel indicated father was having regular visitation with the children until the previous month, and he requested the great-grandparents be admonished to comply with the visitation orders.

The agency's counsel requested the petition be granted and visitation orders be modified to once per month for two hours. Father's counsel objected to a reduction in his visits, and the juvenile court ordered that he be provided visits twice per month for two hours pending the section 366.26 hearing. The court found the great-grandparents' request was in the children's best interests, and the section 388 petition was granted. The section 366.26 hearing was set for February 26, 2025, and father was advised of his right to seek an extraordinary writ from the juvenile court's order.

## DISCUSSION

### *The Extraordinary Writ Petition*

As a general proposition, a juvenile court's rulings are presumed correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) A parent seeking review of the court's orders from the setting hearing must file an extraordinary writ petition in this court on Judicial Council form JV-825 to initiate writ proceedings. The purpose of such petitions is to allow the appellate court to achieve a substantive and meritorious review of the court's findings and orders issued at the setting hearing in advance of the section 366.26 hearing. (§ 366.26, subd. (*l*)(4).)

Rule 8.452 sets forth the content requirements for an extraordinary writ petition. It requires the petitioner to set forth legal arguments with citations to the appellate record. (Rule 8.452(b).) In keeping with the dictate of rule 8.452(a)(1), we liberally construe writ petitions in favor of their adequacy recognizing that a parent representing him or herself is not trained in the law. Nevertheless, the petitioner must at least articulate a

5.

claim of error and support it by citations to the record. Failure to do so renders the petition inadequate in its content and we are not required to independently review the record for possible error. (*In re Sade C.* (1996) 13 Cal.4th 952, 994.)

Here, father's petition is inadequate in presenting a claim of error. He completed those sections of form JV-825 requiring identifying information and checked the box indicating he wants an order returning custody of the children to himself. Father leaves blank the sections where he is required to provides reasons the order was erroneous and a summary of the factual basis for the petition. A party's "conclusory presentation, without pertinent argument or an attempt to apply the law to the circumstances of this case, is inadequate," and the contention will be found by the appellate court to have been abandoned. (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.) Nowhere in the petition does father assert that the juvenile court erred in granting the agency's petition. Accordingly, we conclude father's failure to comply with rule 8.452 by asserting any error by the court renders his writ petition inadequate for review.

Even if we were to construe father's petition as a challenge to the juvenile court's setting of a section 366.26 hearing, his claim lacks merit. Adoption is the preferred permanent plan. (*In re Autumn H.* (1994) 27 Cal.App.4th 567, 573.) Whether adoption is the best permanent plan is a decision made by the court at the section 366.26 hearing. (§ 366.26, subd. (c)(1).) The court's decision to grant the great-grandparents' request was based upon the children's need for greater permanency. The children have remained placed in the home of their current guardians for the past four years, and their needs have been met. Thus, the court properly set the matter for a section 366.26 hearing.

Based upon the record before us, we would conclude the juvenile court did not err in setting a section 366.26 hearing. Nevertheless, petitioner may still challenge the recommendation to permanently place the children for adoption by appearing at the section 366.26 hearing and arguing his case before the court. However, we dismiss father's writ petition because it fails to comport with rule 8.452.

**DISPOSITION**

The petition for extraordinary writ is dismissed.  This court's opinion is final forthwith as to this court pursuant to rule 8.490(b)(2)(A).